IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AUBRIE SPINKA,**

**Plaintiff,**

**v.**

**E.H., a minor, JESSICA DRAKE,**
**BENJAMIN HOWES, FREEBURG**
**COMMUNITY HIGH SCHOOL DISTRICT**
**NO. 77**

**Defendants.**                                   Case No. 14-cv-583-DRH-PMF

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

Now before the Court is defendants Freeburg Community High School District No. 77 (hereinafter "District 77"), Benjamin Howes and Jessica Drake's motion to dismiss Counts IX, X and XI of plaintiff Aubrie Spinka's second amended complaint (Docs. 84), to which plaintiff timely filed a response (Doc. 89). For the reasons set forth below, the Court **GRANTS** the motion to dismiss.

### II.   BACKGROUND

On May 21, 2015, District 77 removed this case from the Circuit Court of St. Clair County, Illinois asserting this Court's original jurisdiction under 28 U.S.C. §§ 1331 in that the matter arises under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and 42 U.S.C § 1983 (Doc. 3). Upon removal, defendants filed various motions to dismiss plaintiff's complaint

for failure to state a claim. Thereafter, plaintiff sought leave to file her first amended complaint (Doc. 44). The Court granted the request, and on August 25, 2014, Spinka, then a minor and through her mother, filed a sixteen-count amended complaint (Doc. 48).

Defendants again filed motions to dismiss for failure to state a claim. The Court granted O'Fallon Township High School District No. 203's motion to dismiss, District No. 77's motion to dismiss, Jessica Drake's motion to dismiss, and granted in part Benjamin Howes' motion to dismiss (Doc. 74). Counts IX, X, XI, Counts XII, and XVI of plaintiff's first amended were dismissed with leave to amend those claims. Thereafter, Spinka filed her second amended complaint (Doc. 75).

Spinka's second amended complaint arises from an incident that took place on April 13, 2013, in which plaintiff Aubrie Spinka, a student of District 77, was sexually attacked by fellow District 77 student, defendant E.H., in the girls' bathroom of a District 203 school during a regional music contest hosted by District 203.

Subsequent to the amended complaint's filing, the Court granted defendant O'Fallon Township High School District No. 203's motion to dismiss (Doc. 77), and District 203 was dismissed with prejudice from this action (Doc. 90). Thereafter, the parties stipulated to the voluntary dismissal with prejudice of defendants Stephen and Tara Hauser (Doc. 116).

At issue here are Spinka's claims of willful and wanton supervision against

District 77, Jessica Drake, and Benjamin Howes for their failure to take measures to prevent the attack. Spinka claims that, as a result of such a failure, she has suffered extensive injuries and incurred significant damages (Doc. 75).

As to Counts IX and X defendants Drake and Howes argue that Spinka, even with the additional allegation in the second amended complaint, pleads insufficient facts to indicate that either engaged in willful and wanton conduct (Doc. 84). Specifically, Drake and Howes contend that the willful and wanton supervision claims against them are untenable because Spinka has not adequately established the existence of a duty owed to her pursuant to Illinois law, nor has she pled facts showing the application of a "special duty." Additionally, Drake and Howes assert that they are immunized from tort liability under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILL. COMP. STAT 10/1-101 et seq. The plaintiff counters that her willful and wanton claims against Drake and Howes are sufficiently pled in such a way that meet the requirements for the notice pleading stage (Docs. 89).

As to Count XI, District 77 argues that plaintiff has pled insufficient facts to suggest that District 77 owed a duty to Spinka. Additionally, defendant cites to the the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101, et seq ("Tort Immunity Act"), asserting that it shields District 77 from liability (Doc. 85) The plaintiff counters by claiming that she has adequately pled the existence of a traditional common-law duty in this case, and that the "public duty rule" does not apply in this instance (Docs. 89).

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that in order to withstand Rule 12(b)(6) dismissal, a complaint "does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Despite *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) retooling federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted). In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686,

699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." With this in mind, the Court turns to plaintiff's complaint.

### IV. ANALYSIS

#### 1. *District 77 (Count XI)*

District 77 argues that Spinka's allegations against the district are barred by Illinois's Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101, et seq ("Tort Immunity Act"). Just as it is an essential element to a negligence claim, the existence of a duty is a prerequisite to any willful and wanton cause of action. *Scarano v. Town of Ela*, 166 Ill.App.3d 184, 187, 117 Ill.Dec. 72, 520 N.E.2d 62, 64 (1988). To sufficiently plead willful and wanton conduct, a plaintiff must allege not only duty, breach, and proximate cause (*Scarano v. Town of Ela*, 166 Ill.App.3d 184, 187, 117 Ill.Dec. 72, 520 N.E.2d 62 (1988)), but also that the defendant engaged in a course of action that showed a deliberate intention to harm or an utter indifference to or conscious disregard for the plaintiff's welfare. 745 ILCS 10/1–210; Doe, 213 Ill.2d at 27–28, 289 Ill.Dec. 642, 820 N.E.2d 418; Benhart v. Rockford Park District, 218 Ill.App.3d 554, 559, 161 Ill.Dec. 242, 578 N.E.2d 600 (1991).

    a. **Duty**

The public duty rule has been applied to school districts in cases where a school's alleged failure to implement police-like protective measures resulted in the plaintiffs' deaths. *Thames v. Board of Education*, 269 Ill.App.3d 210, 206 Ill.Dec. 440, 645 N.E.2d 445 (1994); *Lawson v. City of Chicago*, 278 Ill.App.3d 628, 215 Ill.Dec. 237, 662 N.E.2d 1377 (1996). While those cases established the applicability of the rule to a school district, the question of whether it is implicated in a school context is still determined by the nature of the alleged conduct. See *Doe–3 v. McLean County Unit District No. 5 Board of Directors*, 484, 973 N.E.2d 880, 893 (refusing to apply the public-duty rule where the "plaintiffs [did] not allege defendants failed to protect them or that they owed any affirmative duty to do so").

Unlike allegations of a failure to provide police-like protection, allegations of a mere failure to supervise or to enforce existing policies do not implicate the public duty rule. *Brooks*, 2014 IL App (4th) 130503, 380 Ill.Dec. 661, 8 N.E.3d at 1209 (finding the public duty rule inapplicable where "the complaint allege[d] [the defendant's] failure to supervise students, educate them on the danger [of their conduct], and enforce existing policies"). Here, the plaintiff's willful and wanton supervision claims include allegations against District 77 which do not invoke the public duty rule. The plaintiff's complaint alleges a failure to implement and/or enforce policies, failure to staff adequately, failure to instruct students, and failure to train, instruct, and supervise personnel and staff (Doc. 75). The substance of the complaint does not aver that the defendants failed to provide police-like

protections, such that the public duty rule would operate to bar the defendants' liability. Rather, the Court must turn to a traditional duty analysis to determine whether the pleadings contain sufficient facts to show the existence of a duty.

Under the traditional duty analysis, four factors are relevant to whether a duty exists: (1) the reasonable foreseeability of the plaintiff's injury, (2) the reasonable likelihood of the injury, (3) the magnitude of the defendant's burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *LaFever v. Kemlite Co.*, 185 Ill.2d 380, 388, 235 Ill.Dec. 886, 706 N.E.2d 441, 446 (1998).

Defendants argue that they did not owe plaintiff a duty under Illinois law, and plaintiff failed to sufficiently allege that defendant engaged in a course of action that showed a deliberate intention to harm or an utter indifference to, or conscious disregard for, the plaintiff's welfare. According to the District 77, plaintiff has not pleaded facts that sufficiently allege that District 77 should have foreseen a risk particular to Spinka based on defendant's knowledge of E.H.'s past actions. Ultimately defendants argue that in addition to lack of duty, plaintiff failed to sufficiently allege that defendants' conduct was willful and wanton.

### b. Tort Immunity Act

In the instant case, District 77 provided supervision for the students by sending Drake as a chaperone, but Spinka argues that this supervision was inadequate based on the foreseeable need to guard against an assault by E.H. Defendants contend that even if the Court were to find a duty on the part of

District 77 under the traditional rule, the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101, et seq ("Tort Immunity Act"), shields them from liability and requires a dismissal of the plaintiff's second amended complaint. The Tort Immunity Act provides that a local public entity is not liable for an injury caused by a failure to supervise an activity on, or the use of, any public property, unless it is guilty of willful and wanton conduct that proximately causes the injury. 745 ILL. COMP. STAT 10/3–108(a). The Act also affirms that a local public entity is not liable for failure to provide police protection service or, if police protection service is provided, for failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. 745 ILL. COMP. STAT 10/4–102. A "local public entity," as defined under the Act, includes school districts and all other local governmental bodies. ILL. COMP. STAT 10/1-206.

The provision at issue in this case is section 3-108(a), since the Court has determined that Counts IX, X and XI are related to supervision and not a failure to provide a police protective service. Thus, in order to defeat the defendant school districts' immunity, plaintiff's complaint must properly allege willful and wanton conduct, on the part of the school districts, as the proximate cause of Spinka's injury.

### c. Willful and Wanton Conduct

The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if

not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILL. COMP. STAT 10/1–210. In order to satisfy the pleading hurdle under *Twombly* and *Iqbal*, the plaintiff's complaint in this case must adequately allege facts showing either a deliberate intention to harm her or utter indifference toward or conscious disregard for her welfare. The plaintiff's complaint does not plead facts establishing a deliberate intention to harm her; therefore, the issue at hand is whether she has established facts sufficient to support an "utter indifference to or conscious disregard for" her safety.

In order to qualify as willful and wanton, and impose liability upon a school district, the alleged conduct must be intentional or committed under circumstances exhibiting a reckless disregard for the safety of others. Under Illinois law, "a teacher's mere act of leaving children unsupervised is not sufficient to establish willful and wanton misconduct… The general allegation that a teacher should have known the harm would occur without adult supervision is insufficient to satisfy this [willful and wanton] standard." *Knapp v. Hill*, 276 Ill. App. 3d 376, 384, 657 N.E.2d 1068, 1074 (1995) (citing *Jackson v. Chicago Board of Education* (1989), 192 Ill.App.3d 1093, 1100, 140 Ill.Dec. 178, 549 N.E.2d 829). Thus, a plaintiff must plead more to withstand dismissal of a willful and wanton claim.

With regard to District 77, the plaintiff's second amended complaint alleges that District 77 had received complaints about defendant E.H.'s behavior toward

fellow students and failed to prevent E.H.'s attack on the plaintiff, despite knowledge of the risks. The plaintiff argues that these allegations are sufficient to survive dismissal, citing *Doe ex rel. Ortega-Piron v. Chicago Board Of Education*, 213 Ill.2d 19, 289 Ill.Dec. 642, 820 N.E.2d 418, 420 (2004), as support. Spinka now argues that, as in *Doe*, the circumstances of the case made the assault foreseeable for District 77 such that it was willful and wanton in failing to intervene. However, the complaint in *Doe* revealed that the school board in that case had far more extensive knowledge of the assailant's deviant sexual history compared to the case at issue.

In *Doe*, the plaintiff pled that the defendant knew the student assailant "had been declared a sexually aggressive child" and was "under a 'Protective Plan' requiring that he never be left unsupervised among other children." *Doe ex rel. Ortega-Piron v. Chicago Bd. Of Educ.*, 213 Ill.2d 19, 22, 289 Ill.Dec. 642, 820 N.E.2d 418, 420. In this case, the allegations that "another student complained to an FCHS official that defendant E.H. "slapped her on the butt" and "suggested [] that she hol[d] his boner"; that "Defendant Drake had a few complaints about [E.H.] being aggressive with girls in the band"; and that a district parent complained to a District 77 official about defendant E.H.'s harassment of and physical threats toward her children" do not rise to the level of the known sexual deviance and aggressiveness reported in *Doe.*

The school board in *Doe* was aware of the protocol in place to prevent the child from being left unsupervised among other children, in addition to actual

knowledge of the child's deviant history and sexually aggressive classification, which supported a foreseeable risk of injury and likelihood of injury.

The question in this case remains whether the negligence alleged rises to the level of willful and wanton conduct in order to forfeit defendants' immunity. However, the complaint does not adequately support the plaintiff's willful and wanton supervision claim against District 77 to show an "utter indifference to or conscious disregard for" Spinka's safety as compared to *Doe. See, e.g., A.R. ex rel. M.R. v. Chicago Bd. of Educ.*, 311 Ill.App.3d 29, 34, 243 Ill.Dec. 697, 724 N.E.2d 6, 11-12 (1999) (overruled on other grounds); Cf. *Davis v. Carmel Clay Schools*, 570 Fed. Appx. 602, 608 (7th Cir. 2014) ("evidence of a repeated pattern or widespread practice . . . can establish deliberate indifference on the part of the School" with regard to a § 1983 claim against it). The complaint does not satisfactorily allege that District 77 showed an utter indifference to, or conscious disregard for, the safety of Spinka or FCHS students. Spinka failed to allege sufficient facts that will defeat District 77's immunity and withstand dismissal. Accordingly Count XI is dismissed.

### 2. Defendants Drake and Howes (Counts IX & X)

Section 24-24 of the Illinois School Code provides, in relevant part:

> In all matters relating to the discipline in and conduct of the schools and the school children, [teachers and other certified educational employees] stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians. 105 ILL. COMP. STAT. 5/24-24.

"Since the foregoing statute specifically confers upon educators the status of parent or guardian to the students, and since a parent is not liable for injuries to his child absent willful and wanton misconduct, it therefore follows that the same standard applies as between educator and student." *Tanari v. Sch. Directors of Dist. No. 502, Bureau Cnty.*, 69 Ill. 2d 630, 636, 373 N.E.2d 5, 7 (1977) (citing *Kobylanski v. Chicago Board of Education*, 63 Ill.2d 165, 170, 347 N.E.2d 705, 708 (1976)). As codified in Section 24-24, the *in loco parentis* relationship between educators and students is well established in Illinois such that educators are immune to liability for negligence "if willful and wanton misconduct by the supervising teacher is not pled and proven." *Palmer v. Mount Vernon Twp. High Sch. Dist*. 201, 169 Ill. 2d 551, 562, 662 N.E.2d 1260, 1265 (1996). The *in loco parentis* relationship has been extended to both teachers and principals. See *Picha v. Wielgos*, 410 F.Supp. 1214, 1217 (N.D. Ill. 1976).

Furthermore, a school district is not subject to liability if the cause of action against the school district is predicated upon the ordinary negligence of a teacher. *Sidwell v. Griggsville Community Unit School District No. 4*, 146 Ill.2d 467, 472–73, 167 Ill.Dec. 1055, 588 N.E.2d 1185, 1188 (1992). Thus, the question remains whether the negligence alleged rises to the level of willful and wanton conduct in order to forfeit defendants' immunity.

The Tort Immunity Act, as discussed above, has also been applied to individual school teachers and administrators to immunize them from liability.

*See Doe v. White*, 409 Ill.App.3d 1087, 1094, 351 Ill.Dec. 396, 951 N.E.2d 216, 224 (2011). In order to defeat the defendants' immunity, the complaint must properly allege willful and wanton conduct by the defendant as the proximate cause of plaintiff's injury. "When the plaintiff is alleging that the defendant engaged in willful and wanton conduct, such conduct must be shown through well-pled facts, and not by merely labelling the conduct willful and wanton." *Winfrey v. Chicago Park District*, 274 Ill.App.3d 939, 943, 211 Ill.Dec. 46, 654 N.E.2d 508, 512 (1995).

In this case, the plaintiff's complaint does not plead facts establishing a deliberate intention to harm; therefore, the issue at hand is whether Spinka has established facts sufficient to support an "utter indifference to or conscious disregard for" her safety.

Illinois law dictates that a teacher's mere act of leaving students unsupervised falls short of willful and wanton misconduct. See *Booker v. Chicago Bd. of Educ.*, 75 Ill.App.3d 381, 386, 31 Ill.Dec. 250, 394 N.E.2d 452, 455 (1979) (granting immunity to a teacher who allegedly "'failed to prevent,' 'failed to protect,' and 'permitted and allowed the plaintiff to enter an area out of sight'" when the teacher allowed the student to enter a bathroom under the supervision of a fellow classmate who the teacher knew had previously threatened her); *Clay v. Chicago Bd. of Educ.*, 22 Ill. App. 3d 437, 439, 318 N.E.2d 153, 155 (1974). (holding that a willful and wanton claim did not exist against a teacher who was absent from the classroom when plaintiff was struck in the face by another

student who the teacher allegedly knew or should have known had a propensity for such violence); *Albers v. Community Consol. No. 204 School*, 155 Ill.App. 1083, 1086-87, 108 Ill.Dec. 675, 508 N.E.2d 1252, 1255 (1987) (holding that a teacher was not willful and wanton in leaving the plaintiff in unsupervised in a classroom where he was injured by another student). "Rather, a plaintiff must show that the teacher or school was aware or should have known that the absence of supervision posed a high probability of serious harm or an unreasonable risk of harm." *Jackson v. Chicago Bd. of Educ.*, 192 Ill.App.3d 1093, 1100, 140 Ill.Dec. 178, 549 N.E.2d 829, 833 (1989) [citations omitted].

The defendants again cite to *Mancha v. Field Museum of Natural History*, 5 Ill.App.3d 699, 283 N.E.2d 899 (1972), to support the argument that, as a policy matter, teachers cannot be expected to provide constant supervision of each and every student. Plaintiff attempts to distinguish *Mancha* on the basis that it "did not concern a situation in which the school officials knew or should have known about the dangers and risks posed by a specific student on the field trip;" rather, Spinka contends that the case turned on the lack of foreseeability of harm to the plaintiff.

Plaintiff urges the Court to instead consider the application of *Doe ex rel. Ortega-Piron*, as discussed above. Plaintiff asserts District 77 officials received complaints about defendant E.H.'s aggressive behavior, and specifically mentions "Defendant Drake had a few complaints about [E.H.] being aggressive with girls in the band" (Doc. 75). The complaint maintains that Drake was willful and wanton

in failing to discover the danger posed by E.H. to other students and failing to prevent it. It further claims that Mr. Howes was willful and wanton by failing, "after knowledge of impending danger," to prevent it.

Looking to the pleadings, the foreseeability of Spinka's injury in the case at bar may surpass that of *Mancha*. However, as the Court mentioned above, it does not approach that of *Doe*. The complaint in *Doe* showed far more extensive knowledge of the assailant student's deviant history and then the complaint at issue.

With regard to the individual defendants, Spinka has not pled sufficient facts to support foreseeability of harm to the plaintiff. Even looking to the complaints received by Defendant Drake about E.H., they are insufficient to infer a foreseeability of injury in this case (Doc. 75). As to Mr. Howes, the second amended complaint contains a conclusory allegation that he was reckless in failing to acknowledge the threat posed by E.H., and in failing to obtain juvenile information from District 70. However, plaintiff does not allege that Howes had a duty to obtain that information. Furthermore, the complaint simply states that Howes had "knowledge of the impending danger—i.e. the threat posed by E.H. to fellow students." Absent more specific facts from which foreseeability may be inferred, it does not support plaintiff's willful and wanton claim against him. Therefore, plaintiff's willful and wanton claims against Ms. Drake and Mr. Howes cannot stand. The complaint simply cannot defeat the defendants' immunity granted by Illinois School Code Section 24-24 and the Tort Immunity Act; thus

dismissal is appropriate.[1]

## V. CONCLUSION

Accordingly, defendants District 77, Benjamin Howes and Jessica Drake's motion to dismiss Counts IX, X and XI of plaintiff Aubrie Spinka's second amended complaint (Docs. 84) is **GRANTED**. The Court **DISMISSES with prejudice** Counts IX, X and XI of plaintiff Aubrie Spinka's second amended complaint. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the case.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.31 06:40:21 -05'00'

**United States District Judge**

---

[1] As the facts stated in the complaint fail to establish grounds for finding willful and wanton negligence, the Court need not conduct a duty analysis. The Court notes, however, that the plaintiff has not specifically pled the statutory or common law source of the duty owed to the plaintiff. Furthermore, a "special duty" has not been sufficiently pled on the face of the complaint because, for the reasons discussed, the essential prong of "unique awareness of the particular danger" has not been established. See *Doe v. White*, 409 Ill.App.3d at 1094, 351 Ill.Dec. 396, 951 N.E.2d at 224.